## Walker *et al. versus* Humbert.

1. A mere omission of a judge to charge on a particular aspect of a case is not error when his attention is not called to it with a request to charge on it.

2. In a claim for mesne profits by a co-tenant against his fellow, the latter is not chargeable with rent paid in permanent improvements to the land.

3. Improvements may be defalked against the claim for mesne profits.

4. A co-tenant put up a saw-mill, at his own expense, on the premises, at which lumber had been sawed after his fellow's title to a part of the land had accrued; the latter sued for mesne profits, amongst the rest, for timber cut. The court charged that if the jury believed that no timber had been taken from the land after the plaintiff's title accrued they should find for the defendant. *Held*, that the plaintiff was entitled to a share of the profits of the mill; whether they had been absorbed by its cost was for the jury, and the charge was error.

May 21st 1867. Before Woodward, C. J., Thompson and Agnew, JJ. Strong and Read, JJ., absent.

Error to the Court of Common Pleas of *Somerset county.*

This was an action for mesne profits brought August 20th 1860 by Joseph Critchfield against George Humbert. The plaintiff having died during the pendency of the suit, Samuel Walker and Jacob M. Walter, his administrators, were substituted.

On the 14th of April 1858, Critchfield brought an action of ejectment against Humbert and others for a tract of land in Somerset county, and on the 9th of February 1859 recovered a verdict for thirteen-eighteenths of the tract. The deed which passed the title on which Critchfield recovered was dated February 12th 1858.

The title of Humbert was by deed dated April 7th 1855 for one-sixth of the land.

The plaintiff gave evidence that Humbert had cut trees in 1855, in 1857 and in 1858. He also gave evidence that the defendant sawed about 70,000 feet of timber at a mill erected by the defendant on the property, part of which was sawed in 1858. It was also proved that the defendant had received rent from the property in improvements done by the tenants.

The defendant gave evidence of the value of the improvements which he had put on the property.

[Walker *v.* Humbert.]

The court (Nill, P. J.), amongst other things, charged the jury as is stated in the 2d and 3d assignments of error.

The verdict was for the defendant. The plaintiffs removed the case to the Supreme Court, where they assigned the following errors :—

The court erred,

1. In not instructing the jury that the plaintiff in error was entitled to recover five-sixths of the profits made by the use of the saw-mill from the 12th day of February 1858 to the 9th day of September 1859.

2. In saying to the jury, "As to the damage demanded because of the renting to Koonts, which was paid in labor, in clearing part of land, about one-quarter of an acre, and in doing other work, as to improving the land, these improvements enured to the benefit of Critchfield and Humbert, and for that no damages should be allowed. This we say would be the law, if you credit the evidence."

3. In saying to the jury, "Then, gentlemen, I consider it my duty to turn your attention to the testimony of Henry Humbert, David Humbert, Rector and others, that no timber was cut on the land in 1858. If this is believed, the plaintiff has failed to make out his case, and cannot recover in this action."

*J. Hugus*, for plaintiffs in error.

*S. Gaither*, for defendant in error, cited Critchfield *v.* Humbert, 3 Wright 428.

The opinion of the court was delivered, July 3d 1867, by

Thompson, J.—It is a sufficient answer to the 1st assignment of error to say that it does not appear that the judge was requested to instruct the jury on the subject of which his silence is complained of as error. We have often held this, and I will not stop to cite the authorities to show that a mere omission to charge on a particular aspect of a case is not error, where the attention of the judge has not been called to it with a request to charge on it. This error is therefore not sustained.

2. The court was right, on authority, in ruling that the payment of rent by the defendant's tenants, in permanent improvements on the land, such as clearing, fencing, &c., which would necessarily enure to the plaintiff on his recovery in ejectment, ought not to be charged as profits received by the defendant. Improvements may be defalked against the claim for mesne profits: Ewalt *v.* Gray, 6 Watts 428 ; Morrison *v.* Robinson, 7 Casey 456. This error is not sustained.

3. But we are reluctantly compelled to reverse on account of the matter specified in the 3d assignment of error. The judge

[Walker *v.* Humbert.]

charged in substance, that if no timber was cut on the land in 1858, and, if certain witnesses were believed, none was cut, the plaintiff could not recover. This was a binding instruction, and left out of view the fact that there was a saw-mill on the premises which it was proved cut a considerable amount of lumber after the plaintiff's title accrued, and before his recovery in ejectment. A share of the profits of that was claimed; and no matter where the timber was obtained, the plaintiff was entitled to have it, unless the value of the improvements, the mill, &c., put on the premises by defendant, absorbed it. It is possible they will; the jury, however, only could adjust that; but the judge prevented them by the binding direction or instruction noticed above. On account of this extraordinary oversight on part of the court, this little case must be tried a third time.

Judgment reversed, and a *venire de novo* awarded.