STATE *v.* EDGAR SIGH and CARLTON BROWN.

(*April* 7, 1937.)

SPEAKMAN, J., sitting.

*Caleb M. Wright,* Deputy Attorney-General, for the State.

*Tunnell and Tunnell* for the defendant, Edgar Sigh.

*Howard J. Cooke* for the defendant, Carlton Brown.

Court of General Sessions for Sussex County, Indictment for larceny, No. 13, April Term, 1937.

SPEAKMAN, J., charging the jury, said in part:

Edgar Sigh is charged by an indictment returned by the Grand Jury of this county with the larceny of certain personal property of John S. Cooper, in this county, and Carlton Brown is charged in the same indictment with aiding and abetting the said Edgar Sigh and another person who is not now on trial, in the commission of the larceny.

The defendant, Carlton Brown, has been indicted under a law of this State which provides as follows:

"Whoever shall abet, procure, command, or counsel any other person, or persons, to commit any crime or misdemeanor, shall be deemed an accomplice and equally criminal as the principal offender, and shall be punished in the same manner, and with the same punishment." *Section* 5296, *Revised Code* 1935.

In considering the language of this *Section* in the case of *Schwartz v. State,* 7 *W. W. Harr.* (37 *Del.*) 484, 185 *A.* 233, 235 the Supreme Court of this State said:

"Our conclusion is that the Statute did not make, nor was it intended to make, the accessory a principal. Our conclusion is supported by every decision construing an analogous Statute which has been called to our attention. No case has been found where the accessory was construed to be a principal under a Statute which merely provided the same punishment for an accessory or accomplice which had been provided for the principal." Citing authorities.

The State having conceded that it is unable to show that the defendant, Carlton Brown, at any time while actually or constructively in the State of Delaware abetted, procured, commanded or counseled the commission of the alleged felony, it becomes the duty of this Court to de-

termine whether or not the defendant, Carlton Brown, can be convicted of the offense of accessory before the fact, as charged in the indictment.

In 1 *Hales Pleas to the Crown*, at 623, it is stated that:

"If a man were accessory before or after in another county, than where the principal felony was committed, at common law it was dispunishable, but now by the Statute of 2 & 3 *E* 6 *chap*. 24, the accessory is indictable in that county, where he was accessory, and shall be tried there, as if the felony had been committed in the same county; and that the justices, before whom the accessory is, shall write to the justices &c. before whom the principal is attained, for the record of the attainer."

And this became the law of the three counties which now comprise the State of Delaware when in the year 1719 the General Assembly of the three Counties specifically made the Statute of 2 & 3 *Edw.* 6, *Chap.* 24, a law of the three Counties by an *Act* passed during that year, being *Section* 25 of *Chapter* 22, *Volume* 1 of the *Laws of Delaware*.

And this was thereafter the law of the three Counties until they became the State of Delaware, and of the State of Delaware, until the year 1826, when the General Assembly of the State, by *Chapter* 362 of *Volume* 6, *Laws of Delaware*, did provide by *Section* 7 thereof:

"That indictments for offenses shall be found, and trials thereof shall be had, in the county wherein the offense shall be committed, subject to the following exceptions and regulation, that is to say, * * * If any person shall, in one county, abet, procure, command or counsel another to commit a crime or misdemeanor, and such crime or misdemeanor shall be committed in another county, * * * every person so offending may be indicted and tried in the county in which the principal crime was committed,—and generally every accomplice and accessory in or to an offense may be indicted and tried in the county wherein such offense shall be committed, without respect to the county wherein he or she may have become or been such accomplice or accessory; * * * but the Court, upon application made by or on behalf of a person indicted, shall, for sufficient cause shown, change the venue, and order the trial upon the indictment to be had in the county, which they may deem proper to assign for that purpose."

And the herein quoted portions of *Chapter* 362 of *Volume* 6, *Laws of Delaware*, except as to a very slight

change in the use of words which does not affect its meaning, has continued to be the law of this State down to the present day and now appears as a part of *Section* 5306 of the *Revised Code of* 1935.

From the above it appears that it is the law of this State that "Indictment for offenses shall be found, and trials thereof shall be had in the County wherein the offense shall be committed," subject to certain exceptions and regulations (*Section* 5306, *Revised Code* of 1935). The only exceptions and regulations contained in the law relating to the offense of "accessory before the fact" are those providing that the accused may be indicted and tried in the county in which the principal crime shall be committed, and providing for a Change of Venue, so that under the law of this State an accessory before the fact can be tried only:

1. In the county where the offense of accessory before the fact was committed.

2. In the county where the principal offense was committed.

3. In case of Change of Venue, in the county which the Court may deem proper.

In the case of *State v. Whaley*, 2 *Harr.* 532, the defendant was indicted at the October Term, 1836, in Sussex County, for aiding, etc., in Sussex County in kidnapping and taking from this State into the State of Maryland, Robert Records, a free negro. On it appearing from the evidence that the only aid given to the principal offender was given in Kent County the State abandoned the prosecution and an order was made by the Court that Whaley enter into a recognizance to appear at the next Court of General Sessions in Kent County, the Court in making the order holding that the acquittal of Whaley under the indictment in Sussex County did not prevent his being indicted for aiding, etc., in Kent County.

In the cited case the indictment charged the defendant with "aiding &c. in Sussex County." The evidence disclosed that the "only aid given was in Kent County." There was therefore a variance between the allegation and the proof. If the indictment had charged the defendant "with aiding &c. in Kent County" in the commission of the principal offense in Sussex County, and there had been sufficient evidence introduced at the trial to establish the fact, the trial court presumably would have permitted the case to go to the jury.

Subsequently the defendant was indicted in Kent County, at the April Term, 1837 of the Court of General Sessions. From the report of the case in *State v. Whaley*, 2 *Harr.* 538, it appears that Whaley was charged with "aiding &c. in Mispillion Hundred in said County." At the trial in Kent County the Court said the "aiding and assisting * * * occurred entirely in Kent." When Whaley was indicted and tried in Sussex (Oct. T. 1836) for aiding and assisting in the commission of this felony, he was acquitted by order of the Court because his offense occurred entirely in Kent.

In view of the concession on the part of the State that it is unable to prove that at any time before the commission of the alleged larceny Carlton Brown did anything within this State in aiding, abetting, commanding or counseling the commission of the alleged larceny, and that no evidence was offered which would tend to prove that he did anything as an accessory before the fact by agent, letter, message or otherwise, which would operate as an act within this State sufficient to establish a constructive presence in this State, the Court is not warranted in allowing the case against the defendant, Carlton Brown, to go to the jury. An act to be criminal must be alleged and proved to be an offense against the sovereignty of the State. An offense wholly committed within one State cannot be an offense against the laws of another State.

As was said in the case of *State v. Moore,* 26 *N. H.* 448, 59 *Am. Dec.* 354, which is in many respects similar to the one before the Court, "construction that would give a right of trial in either county in a case like the present, would involve the absurdity of a provision for the trial of the offence in another State in which the aid was given, or the commission of the offense was procured."

See, also, *State v. Wyckoff,* 31 *N. J. Law* 65; *State v. Chapin,* 17 *Ark.* 561, 65 *Am. Dec.* 452; *Johns v. State,* 19 *Ind.* 421, 81 *Am. Dec.* 408.

For the reasons above stated the jury is directed to return a verdict of not guilty as to the defendant, Carlton Brown.