MARY JANE GREENPLATE *v.* ERNEST R. LOWTH.

(*April* 13, 1938.)

HARRINGTON, J., sitting.

*W. Thomas Knowles* for plaintiff.

*William S. Potter* (of Ward and Gray) for defendant.

Superior Court for New Castle County, Action on the Case for Negligence, No. 75, January Term, 1937.

HARRINGTON, J., delivering the opinion of the Court:

The prayers of the plaintiff's attorney for instructions to the jury at the trial precede this opinion. From them it appears that the only instructions asked for related:

1. To his claim that when the defendant approached the intersection and drove into the Polly Drummond Hill Road, his truck was on the north side of the Stein Road, next to the bank, and, therefore, on the left of the center line of that road, in violation of the provisions of *Section* 97 of the *Motor Vehicle Act, Code* 1935, § 5635, and if, by so operating his truck, he caused the collision, the verdict should be for the plaintiff.

2. To the general rule, though without explanation or qualification, that "the violation of any statute of this State is negligence *per se*".

3. To the limitations on the general rule of law, relating to contributory negligence when a person is faced with a sudden danger, particularly when such danger is without fault on his part.

With the possible exception of the first prayer, all of these prayers, therefore, merely related to general rules of law, and none of them were so phrased as to apply to the alleged facts of the particular case.

Apparently, it is not denied that all of these requested instructions were substantially covered by the court when the jury was charged.

But the plaintiff's attorney now claims:

1. That the court, in stating the contentions of the respective parties in the preliminary part of its charge, merely referred to the plaintiff's contention that at the time of the collision the defendant was driving his truck next to the bank on the north, and left side of the Stein Road; that this was only one of the plaintiff's contentions, based on the evidence, and, though the trial judge stated the defendant's claims with great particularity, he failed to direct the jury's attention to any other facts, proved by the plaintiff; and what was "more important", therefore, failed "to give to the plaintiff the benefit of a single fact dealing with the defense to contributory negligence" on her part.

He, also, claims that the rights of his client were still further prejudiced by the statement of the trial judge at the end of the preliminary part of the charge, in which he purported to state the contentions of the parties, "such in brief are the claims of the respective parties".

2. That the court failed to properly explain the doctrine of contributory negligence in its charge to the jury in ac-

cordance with the principles laid down by *Island Express v. Frederick,* 5 *W. W. Harr.* (35 *Del.*) 569, 171 *A.* 181.

3. That the court improperly charged the jury: "If you believe that the defendant's truck entered the road intersection first, he had the right-of-way over the plaintiff's car, and if her personal injuries were caused in whole, or even in part, by the failure of the driver of her car (of the plaintiff's car) to accord him that right-of-way, your verdict should be for the defendant."

What the facts omitted from that part of the charge in which the plaintiff's contentions were stated is not pointed out by her attorney, either in the reasons filed in support of his motion for a new trial, or otherwise; but I will assume that he refers to certain evidence in the record which tended to support the claim that when the plaintiff's car was about ten feet from the road intersection the defendant's truck suddenly, without warning, and at a high rate of speed, shot into the Polly Drummond Hill Road and directly in front of her car so that a collision with it could not be avoided. This evidence was not only emphatically denied by the defendant, but was also denied by another traveler on the Stein Road who appeared to be a disinterested and fair witness. The conflict in the evidence, however, did not affect the plaintiff's right to make an issue of that question, either in her primary case or otherwise, if it had been properly presented to the Court by a request for instructions to the jury.

*Section* 22 of *Article* 4 of the *Constitution* of 1897 provides:

"Judges shall not charge juries with respect to matters of fact, but may state the questions of fact in issue and declare the law."

For the purpose of clarifying and defining the issues, and thereby assisting the jurors in the performance of their duties, the trial court, therefore, usually makes a

brief general statement of the contentions of the respective parties to the action, so far as such contentions are fairly justified by the evidence and the pleadings in the case. See *Hughes Instructions to Juries*, §§ 90, 173, 191; *Rand. Instruct. to Juries*, §§ 32, 35, 37, 119.

■ When such a general statement of the issues in the case is made, it should ordinarily be an impartial and unprejudiced summary of all the claims or theories of both parties to the action, as to how the collision took place, and should not be merely confined to the contentions of one of such parties. 1 *Brickwoods Sackett on Instructions, par.* 197; *Hughes on Instruct. to Juries*, §§ 90, 101, 116, 173; see, also, *Anderson v. Warner*, 5 *Ill. App.* 416; *Evans v. George*, 80 *Ill.* 51.

■ As a general rule, there would seem to be no reason, however, why any such statement by the court should be broader than the issues presented by the prayers of the party, subsequently claiming that he was prejudiced thereby.

■ When the appropriate requests are made by prayers presented to the court, each party is entitled to such general and specific instructions to the jury on the applicable law, and to his or her consequent rights as the pleadings and the evidence will fairly justify. *Rand. Instruct. to Juries*, § 118; 14 *R. C. L.* 799; *Island Express v. Frederick*, 5 *W. W. Harr.* (35 *Del.*) 569, 171 *A.* 181.

In fairness to the court, as well as to the client, there are few cases when that right should not be exercised fairly and clearly, particularly as to specific instructions applying the law to the facts proved. The duty of counsel in this respect is frequently disregarded, and the burden thrown entirely on the court.

Particularly when it deems it to be in the interest of justice, the trial court will usually endeavor to cover all

possible issues in charging the jury, both in its statement of the claims of the parties, and in specific instructions, based on the facts, though some of these issues are not covered by the prayers of counsel; but if in the hurry of a trial and the preparation of a charge, often without adequate time for full consideration of all aspects of the case, some possible issue, on which an instruction has not been requested, is overlooked, or is omitted from the charge, for some other reason, it is not usually a ground for a new trial, or a writ of error.

■ The general rule is that when instructions given are good, as far as they go, and state, "with reasonable fullness the general principles applicable to the case, or to a particular issue, a party desiring further or more specific instructions should request them, and in the absence of such a request he cannot complain of omissions * * * unless it plainly appears that the jury were misled by such omissions." *Randall's Instructions to Juries*, § 468.

■ The giving of instructions that are clearly and materially wrong and prejudicial, or the refusal to give proper instructions, when asked for, is usually error, but in most cases the failure to give either general or specific instructions that might have been proper, but which were not requested, is not error or a ground for a new trial. *Burkholder v. Stahl*, 58 *Pa.* 371; 57 *Am. Dec.* 631, *note;* 99 *Am. Dec.* 118, *note.*

■ To state the general rule more briefly "error cannot be assigned of what was not said by the trial judge, without a request to so charge". *Kaufman v. Pittsburg, etc., R. R. Co.*, 210 *Pa.* 440, 60 *A.* 2; *Mastel v. Walker*, 246 *Pa.* 65, 92 *A.* 63; *Walker v. Humbert*, 55 *Pa.* 407.

It is true that there was evidence in the record from which it might have been contended that the truck driven by the defendant, without warning, suddenly shot into the

Polly Drummond Hill Road, at a high rate of speed, and into the path of the plaintiff's car, but there was no request to charge the jury on this aspect of the proof, either as an affirmative claim, or in connection with the defendant's contention that the plaintiff was guilty of contributory negligence, which barred any right of action against him.

Measured by the rules above stated, no new trial should, therefore, be granted because of the failure of the court to refer to these alleged facts, in stating the plaintiff's contentions in the preliminary part of the charge.

The second and third contentions will be considered together later.

*Section* 97 of the *Motor Vehicle Act, Code* 1935, § 5635, provides: "The operator of a vehicle approaching an intersection shall yield the right of way to a vehicle which has entered the intersection."

*Section* 95 of the same *Act, Code* 1935, § 5633, also, provides: "Except as otherwise provided in this section, the driver of a vehicle, * * * when intending to turn to the left shall approach such intersection in the lane for traffic to the right of the nearest to the center line of the highway and in turning shall pass beyond the center of the intersection, passing as closely as practicable to the right thereof before turning such vehicle to the left."

This section, also, adds: "For the purpose of this section, the center of the intersection shall mean the meeting point of the medial lines of the highways intersecting one another".

The court, in its charge, read both of these sections to the jury.

The trial judge, in charging the jury, also, said:

1. "For the purposes of this case, you must bear in mind, however, that that road intersection was in the form

of a 'Y'. In other words, that the Stein Road had two outlets, one to (toward) the North and one to (toward) the South. In this case, the center of the intersection, therefore, necessarily relates to the center of the Northern road of the 'Y' ", on which the defendant operated his truck.

2. "Any violation by the defendant of any of the provisions of a statute amounts to negligence in law, or what is known as negligence *per se*. But the defendant, though negligent in this respect, would not be liable to the plaintiff unless such negligence was the real or proximate cause of the collision between the two automobiles, and the injuries of the plaintiff resulting therefrom. If, however, there was negligence in that respect, and such negligence was the sole, proximate or real cause of the plaintiff's injuries, she is entitled to a verdict. Likewise, any violation by the plaintiff of the provisions of a statute would constitute negligence *per se* on her part. And if, and only if such negligence was, in fact; the real or proximate cause of the plaintiff's injuries, or one of the causes of such injuries, the plaintiff cannot recover. In other words, where the negligence of a plaintiff, though not the sole cause of her injuries, contributes thereto in some degree, and is, therefore, one of the proximate causes thereof, there can be no recovery by her, because, as I have already stated, when both parties are negligent, although in different degrees, the law will not apportion the degrees of negligence between them."

3. "It is a well established rule of law that when one is required to act suddenly, and in the face of imminent danger, he is not required to exercise the same degree of care as if he had had time for deliberation and the full use of his judgment and reasoning faculties, and this is especially true when the peril has been caused by the fault of the other party".

In connection with the provisions of *Section* 97 of the *Motor Vehicle Act,* above quoted, the court, also, charged

the jury: "If you believe that the defendant's truck entered the road intersection first, he had the right-of-way over the plaintiff's car, and if her injuries were caused, in whole, or even in part, by the failure of the driver of her car (of the plaintiff's car) to accord him that right-of-way, your verdict should be for the defendant".

With the exception of this paragraph, this part of the charge was not specifically applied to the facts relied on by the parties, but no prayers to that effect were presented to the court. The plaintiff does not deny this. She claims, however:

1. That *Section* 97 of the *Motor Vehicle Act* had no application to the facts of this case because the undisputed evidence showed that when the defendant drove into the Polly Drummond Hill Road he operated his truck on the left, or wrong side of the Stein Road, in violation of the provisions of *Section* 95 of the same Act; and that by reason of that fact he did not have the right-of-way, and the court's instruction, with respect to that right, under *Section* 97, was both erroneous and prejudicial.

2. That because of the provisions of *Section* 95 of the *Motor Vehicle Act,* she could not be expected to anticipate that the defendant's truck, in entering the intersection, would be operated on the North, or wrong side of the Stein Road, and by reason of that fact she could not be guilty of contributory negligence, constituting a proximate cause of her injuries, unless she saw that truck, or by the exercise of reasonable care could have seen it in time to prevent a collision with it. She, therefore, claims that as the instructions given on the law of contributory negligence did not go that far, they were both incorrect and prejudicial.

 Even though the defendant entered the intersection first, he did not have the absolute and unqualified right-of-way under the provisions of *Section* 97 of the *Motor*

*Vehicle Act.* That right, when given by statute, is usually a relative right, depending upon the particular facts and circumstances proved *(Grant v. Marshall, 2 W. W. Harr.* (32 *Del.)* 239, 121 *A.* 664; 89 *A. L. R.* 838, *note; 5 Amer. Juris.* 666) ; and that is particularly so if and when other pertinent provisions of the same Act, such as provisions regulating the side of the road on which a motor vehicle must be operated, are violated. *Garrett v. Byerly,* 155 *Wash.* 351, 284 *P.* 343, 68 *A. L. R.* 254; *Moore v. Fitzpatrick, (Mo. App.)* 31 *S. W.* (2*d*) 590; 5 *Amer. Juris.* 666, 667.

As was said in 5 *American Jurisprudence* 666, *supra,* statutory regulations, as to the right-of-way, "contemplate a situation where the vehicles are being driven on the prescribed side of the road and within the prescribed speed limit, and do not apply when one, or both, are being driven in violation of the statutory regulations in these respects". So "the driver having the right-of-way, as well as the driver not having such right-of-way, may assume, in the absence of something to put him on notice to the contrary, that the other traveler will exercise ordinary care." 5 *Amer. Juris.* 667.

When the instructions are considered as a whole, it is clear that the trial judge did not instruct the jury that *Section* 97 of the *Motor Vehicle Act* gave the defendant an absolute and unqualified right of way, regardless of other provisions of the same statute.

After charging on *Section* 97, he likewise read to the jury *Section* 95 of the *Motor Vehicle Act,* and, pursuant to the request of the plaintiff's attorney, he, among other things, said: "The defendant admits that in entering the intersection of the Polly Drummond Hill Road he drove his truck on the extreme left, or on the northern side of the 'Y', or traffic lane on that road (the Stein Road). If you believe that the plaintiff's injuries were wholly caused thereby, and that there was no negligence on the part of

the driver of the car, in which the plaintiff was riding, in any way contributing thereto, your verdict should be for the plaintiff".

The plaintiff could not, and does not complain of that instruction, based on *Section* 95, as it was more favorable to her than the language of that section and the facts proved justified.

The evidence showed that both parties were familiar with the conditions at the road intersection, and not only knew that their view was obstructed at that point, but, also, knew that both roads were narrow. They must, also, have anticipated the possible use of those roads by motor vehicles, including trucks.

The plaintiff did not intend to turn into the Stein Road, but the undisputed evidence showed that both that road and the Polly Drummond Hill Road were only about 14 feet wide, and the inference to be drawn from the defendant's testimony is that because of that fact and the size of his truck it was necessary for him to drive to the left of the center of the Stein Road in order to turn to his left into the Polly Drummond Hill Road.

In considering the application of *Section* 97 of the *Motor Vehicle Act* to the facts of this case, and whether, in view of the width of the roads and the size of his truck, the defendant, in fact, violated *Section* 95 when he approached the intersection, though he drove to the left of the center of the Stein Road, we must bear in mind that that Section provides that it shall be the duty of the driver of a motor vehicle, intending to turn to the left at an intersection, to drive "as closely as practicable to the right thereof [of the center of the road] before turning such vehicle to the left"; and at the plaintiff's request the jury was so instructed.

It is true that no specific instruction, applying the

language above quoted to the facts proved, was given, but no such instruction was requested by the defendant.

It was, therefore, at least possible for the plaintiff to be guilty of contributory negligence *per se,* constituting a contributing cause of her injuries by failing to accord the defendant the right of way, if he drove into the intersection first, even though he drove on the left side of the center of the northern "Y" of the Stein Road when he entered the intersection, and an instruction, based on *Section* 97 of the *Motor Vehicle Act,* was proper. But the plaintiff claims that even though such an instruction was proper, the instruction given was not limited by any reference to the language above quoted from *Section* 95, and as given was confusing and misleading, and, therefore, erroneous.

As I have already intimated, in considering the effect of instructions they must be read as a whole, and when the instructions given on *Section* 97 are read in connection with the instructions given at the plaintiff's request on *Section* 95, I think their meaning was clear to the jury.

It is true that the instructions given by the trial judge did not cover the plaintiff's contention that she could not be guilty of contributory negligence unless she failed to use due care after she saw, or should have seen, the defendant's truck approaching from the Stein Road, if it was on the wrong side of the road in violation of the provisions of *Section* 95, but her attorney did not request any instructions to that effect at the trial.

In this connection, the alleged approximate speed of the defendant's truck was not shown by any witness, and, whatever the effect of such testimony may ordinarily be, the plaintiff's attorney did not request any instructions on that phase of the case, either with respect to the existence of contributory negligence, or otherwise. For these reasons, the plaintiff's motion for a new trial is refused.