THE STATE OF DELAWARE v. THOMAS H. WINSETT, WILBERT A. WEEKLEY and EDWARD J. MAYERHOFER.

(*May* 19, 1964.)

DUFFY, President Judge, sitting.

*Peter Warren Green* and *G. Francis Autman,* Deputies Attorney General, for the State.

*H. James Conaway, Jr.,* for Thomas H. Winsett; *C. W. Berl, Jr.,* for Wilbert A. Weekley; and *Arthur J. Sullivan* for Edward J. Mayerhofer.

Superior Court for New Castle County, Nos. 1099-1103, Criminal Actions, 1963.

DUFFY, President Judge.

On November 6, 1963, Thomas H. Winsett, Wilbert A. Weekley, and Edward J. Mayerhofer were indicted for murder in the first degree and various other crimes by the Grand Jury of New Castle County. Specifically, defendants are charged with shooting Robert A. Paris, a Delaware State Trooper, with express malice aforethought on October 17, 1963.

All defendants moved to dismiss the indictments upon several grounds.[1] In briefing the motion and at oral argument defendants dealth only with: (1) certain publicity attendant to the alleged murder and the subse-

---

[1]The motion, but not the brief, also alleged prior error by the Court in denying defendants' motions to: (1) challenge the array of the Grand Jurors; and (2) to examine the Grand Jurors upon *voir dire;* and (3) to vacate an order convening the Grand Jury on November 6, 1963. I will consider these only to the extent that they are pertinent to the arguments which defendants briefed. Otherwise I consider the prior rulings by the Court as to these matters, as the law of the case and hence dispositive of the issues. As to that part of the motion based upon a claim that certain statements of the defendants should be suppressed, this will be considered by the Court along with the motions now pending to suppress all statements. As to any other grounds for dismissal not briefed, I consider them abandoned by defendants.

quent search for the parties involved, and the impact of this upon the Grand Jury; and (2) certain counts in the indictments which are said to be duplicitous or otherwise dismissible because a preliminary hearing was not held.

### 1. *As to publicity and the Grand Jury*

Defendants contend that widespread and adverse publicity circulated by news media in the County and through the State following the alleged crime prevented the Grand Jury from being fair and impartial when it came to consider the charges against them. Specifically, defendants argue that this violated Federal due process and equal protection requirements of the Fourteenth Amendment.

In support of this argument defendants rely on two kinds of Federal cases. One kind is typified by *Irvin v .Dowd,* 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d. 751; and *Rideau v. Louisiana,* 373 U.S. 723, 83 S.Ct. 1417, 10 L.Ed. 2d 663. But those cases considered the fairness of the jury which tried the case. And the difference in function between a grand jury and a petit jury is too patent to require elaborate discussion. In brief, it is the difference between an accusatory body, free to make its own inquiry and which usually hears only the State's side of a controversy, and a body which decides a fact controversy after hearing both the State and the defendant under the rules of evidence. Hence, these Federal cases are not pertinent to defendants' motion.

Another kind of Federal case relied on by defendants is typified by *Hill v. Texas,* 316 U.S. 400, 62 S.Ct. 1159, 86 L.Ed. 1559; and *Pierre v. Louisiana,* 306 U.S. 354, 59 S.Ct. 536, 83 L.Ed. 757. Those cases deal with discrimination in the *selection* of grand jurors. Under the Delaware Constitution a Grand Jury in New Castle County consists of fifteen members, "one of whom shall be selected from,

and shall be a resident of each representative district" in the County; the affirmative vote of nine members is necessary for the return of a true bill of indictment. Constitution, Art. 1, § 4, *Del. C.* The Grand Jury is drawn by Jury Commissioners appointed by the Court, and the procedure for doing this is specified by statute, 10 *Del. C.* § 4507. Defendants do not argue that these provisions of law were violated in the selection of the Grand Jury nor do they allege any other discrimination under State or Federal law in that selection. Hence, Hill, Pierre, and the like are not relevant to the pending motion.

*Beck v. Washington,* 369 U.S. 541, 82 S.Ct. 955, 8 L.Ed.2d 98, on which defendants appear to place most reliance, fits into the second kind of Federal cases to which I have referred. There the Court specifically said, however, that it did not have to determine the question as to whether "due process would require a State to furnish an unbiased body" if it used a grand jury procedure. And the dissenting opinion of Justice Douglas suggests that in this phase of the case the Court was again concerned with fairness in *selection* of a grand jury, not in its attitude thereafter. As I have already indicated, there is no allegation here of unfairness in the selection of the Grand Jury which returned the indictments under attack.

█ Assuming that there was adverse and widespread publicity as defendants allege, my conclusion, in light of the present state of the law, is that the motion must be denied.

█ The Grand Jury in Delaware today has many if not all of the characteristics of a grand jury at common law. In Re Petition of Jessup, 11 Terry 530, 136 A.2d 207. In the absence of statutes permitting it, the general rule is that bias or prejudice of a member of a grand jury against a defendant is not ground for an attack on the

indictment. Many cases are to this effect, usually proceeding on the theory that a grand jury is an accusatory and not a judicial body, and has the right and obligation to act on its own information, however acquired. 88 A.L.R. 900; *Coblentz v. Maryland,* 164 Md. 558, 166 A. 45; 88 A.L.R. 886. Generally speaking, a grand jury is an inquisitorial and an accusatorial body and is not regarded as a judicial body or tribunal. 38 C.J.S. Grand Juries § 1. Statutes usually enumerate the grounds on which the individual grand jurors may be challenged and ordinarily such grounds are deemed exclusive. 38 C.J.S. Grand Juries § 30 b.

In Delaware the only challenges permitted to the Grand Jury are under Criminal Rule 6(b), *Del. C.* These may be made to the array or to an individual juror based upon a failure to select, draw or summons in accordance with law, and this means in accordance with the constitution and the statutes. Art. 1, § 4; 10 *Del. C.* § 4507. As I have already indicated, defendants do not allege any violation of these laws. Hence, there is no basis for challenge to the array.

### 2. *As to the dismissal of certain counts*

*(a)* Defendants Weekley and Mayerhofer contend that they did not have a preliminary hearing on Counts III and IV in Criminal Action Number 1099 in which each of them is charged as an accomplice to murder in the first degree. And all defendants contend that they did not have a preliminary hearing as to certain acts of conspiracy charged in some of the indictments. In brief, defendants argue that a preliminary hearing is a prerequisite to indictment or, in other words, that the Grand Jury cannot indict unless a defendant has previously been charged and a preliminary hearing held upon that same charge.

■ To state this argument is to answer it. In this State the Grand Jury itself may initiate, investigate, and return an indictment. In Re Petition of Jessup, supra. It is certainly not limited by what the Attorney General has previously charged and brought before a committing magistrate.

■ The general rule is that a preliminary hearing is not an essential prerequisite to finding of an indictment. 4 Wharton's Criminal Law and Procedure, § 1730. And neither our statute, 11 *Del. C.* § 5913, nor the rule of this Court, Criminal Rule 5(c), provide for a different procedure. In short, we follow the general rule.

*(b)* Defendants Weekley and Mayerhofer contend that Count I, which charges these defendants with murder in the first degree, and Counts III and IV, which charge each of them with being an accomplice to murder in the first degree, are duplicitous. It is argued that the latter must therefore be dismissed.

The pertinent Delaware statute, 11 *Del. C.* § 102, pro-. vides as follows:

"(a)   Whoever commits a crime or offense against the State is a principal.

"(b)   Whoever wilfully causes an act to be done which if directly performed by him or another person would be a crime or offense against the State is punishable as a principal.

"(c)   Whoever aids, abets, procures, commands or counsels any other person to commit a crime or offense against the State is an accomplice and is guilty of the same crime or offense as the principal."

■ Our decisions clearly hold that this statute which makes an accomplice equally criminal to the prin-

cipal offender and subject to the same punishment, does not make an accomplice a principal. *Schwartz v. State,* 7 W.W.Harr. 484, 185 A. 233; *State v. Sigh,* 8 W.W.Harr. 362, 192 A. 682. In short, one who aids and abets, while punishable to the same extent as the principal, is nevertheless guilty of a separate and distinct offense. Hence, there is no foundation to the charge that· certain of the Counts are duplicitous.

All motions to dismiss the indictments are denied.