Howard SMALLWOOD, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

Supreme Court of Delaware.

April 24, 1970.

Edward Z. Sobocinski, Asst. Public Defender, Wilmington, for defendant below, appellant.

Francis A. Reardon, State Prosecutor, Wilmington, for the State.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

The appellant, Howard Smallwood, seeks reversal of his conviction of assault with intent to kill John Crosby in Wilmington on May 25, 1968 opposite the premises of 514 Jefferson Street.

The facts are that on the night in question, the appellant and two companions were walking north on Jefferson Street. Each had a knife in his hand and they were poking the knives at a dog which was barking at them. At the time, the victim was standing on his porch across the street from the appellant. He shouted to the appellant and his companions to stop bothering the dog, which was then called into the house by its owner.

The victim came down on the sidewalk in front of his house and the appellant walked across the street toward him. There is a conflict in the testimony as to whether or not the victim at the time had a knife. The victim, himself, and two other witnesses for the State testified that he did not have a knife at the time. The appellant and his two companions, to the contrary, testified that Crosby was armed with a knife. In any event, an argument ensued, in the course of which the appellant stabbed the victim.

▮ Three issues are presented by the appeal which we will treat *seriatim.* The first point raised is that the trial court's instructions to the jury concerning the use of a weapon in self-defense were erroneous. Specifically, it is argued that the jury should have been instructed that a deadly weapon used to protect the life of an individual rebuts the presumption of malice, and that if an attack upon a person is sudden, the use of a weapon in defense is justified.

The trial judge, without any request for instructions from appellant's counsel, instructed the jury concerning self-defense to the effect that if the victim first attacked the accused in such a manner as to create in the accused's mind a reasonable belief that he was in danger of death or serious bodily harm, it was his duty to retreat is he could safely do so, or to use other reasonable means available to avoid the danger. No gesture and no words, however offensive, amount to provocation such as to justify an assault upon a victim. However, if one is assaulted he may take reasonable steps, including the use of reasonable force, to repel or resist the assault, but may use no more force for that purpose than is necessary. If a person is assaulted and uses more force than is necessary for his defense, then he, in turn, becomes the aggressor.

The general rule is that when instructions given are good as far as they go, and state "with reasonable fullness the general principles applicable to the case, or to a particular issue, a party desiring further or more specific instructions should request them, and in the absence of such a request he cannot complain of omissions * * * unless it plainly appears that the jury was misled by such omissions." Greenplate v. Lowth, 9 W.W.Harr. 350, 199 A. 659 at 663 (Super.Ct.1938).

We think the instruction given adequately told the jury what the elements of self-defense are, and there was no error in the instruction as actually given.

■ The second point raised by the appellant is that the trial court improperly instructed the jury as to the effect of a written statement given the police by the appellant.

The jury was instructed that the degree of credit to be given the statement was to be determined by it under all the circumstances of the case. It was also instructed that it could believe part or all, or reject part, or reject all, of the written statement, including that which incriminated the appellant, and including that which was in the appellant's favor.

Also, it was instructed that it was at liberty to judge the statement just like any other evidence in the case in the light of all the proven circumstances.

Finally, the jury was instructed that in weighing all of the evidence in the case, if it found it to be conflicting, then it was its duty to reconcile it, if possible, or if unable to reconcile it, to give credit to that portion which it felt worthy of credit and to disregard entirely the testimony which it deemed unworthy of credit.

We think, reading the charge as a whole, that it was more than sufficient to instruct the jury as to its function. If there was any error or defect, it was harmless error, and does not require the granting of a new trial. Superior Court Crim. Rule 52 Del. C.Ann.; Washam v. State, 235 A.2d 279 (Del.Supr.Ct.1967).

■ Furthermore, we note that no exception was taken following the delivery of the complained-of instruction, and under such circumstances the point may not be raised on appeal. Superior Court Crim. Rule 51.

Finally, for his third point, appellant argues that the State failed to prove the venue and jurisdiction of the trial court over the subject matter.

■ The indictment recites that the appellant violated 11 Del.C. § 577, and that the offense took place in New Castle County. Furthermore, the testimony is replete with references to 514 Jefferson Street in front of which the assault took place; that the victim was taken to the Delaware Hospital; that the victim talked to the Wilmington police at the Delaware Hospital, and that the defendant gave a statement to Wilmington police at the Wilmington Police Department.

Under the circumstances, we think that the State adequately established the venue and jurisdiction of the Superior Court over this crime.

For the foregoing reasons, the conviction below is affirmed.