**Sampson Lee JAMES, Defendant below, Appellant,**

v.

**STATE of Delaware, Plaintiff below, Appellee.**

Supreme Court of Delaware.

Submitted July 8, 1977.

Decided Aug. 17, 1977.

Joseph A. Hurley, Wilmington, for defendant below, appellant.

Merritt Burke, III, Deputy Atty. Gen., Georgetown, for plaintiff below, appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

PER CURIAM:

Defendant was convicted of rape, in violation of 11 *Del.C.* § 763, and kidnapping, in violation of 11 *Del.C.* § 783. Each is a Class B felony for which a sentence of twenty years imprisonment was imposed. He appeals on the ground that the State failed to establish the situs of the crimes and thus did not prove venue and the jurisdiction of the Superior Court.

With exceptions not pertinent here, it is elemental and fundamental that the State must prove as part of the prosecution that the conduct constituting the crime occurred in Delaware. 11 *Del.C.* § 204(a)(1). *State v. Sigh*, Del.Gen.Sess. 8 W.W.Harr. 362, 192 A. 682, 684 (1937); *State v. Curtin*, Del.Gen.Sess., 5 Boyce 518, 95 A. 232, 234 (1914); Compare *Smallwood v. State*, Del. Supr., 266 A.2d 184 (1970). And the trial must be held in the county in which the crime was committed. Super.Ct.Cr.Rule 18; cf. *In re Alexander*, Del.Super., 3 Terry 461, 36 A.2d 361 (1944).

The State does not dispute either of these propositions but contends that it proved situs by inference from the direct testimony. We agree that situs may be

established by inference, *Iozzi v. State*, 224 Md. 42, 166 A.2d 257, 259 (1960). But to establish that inference the State, in its brief, makes only one point: It says that the Court should take judicial notice—

> "to a fact, that a Delaware State Policeman would most likely investigate alleged criminal activity within the State of Delaware."

And it seeks to put inference upon inference by contending that, for venue purposes, the Court should infer that a State Policeman assigned to Troop 4 at Georgetown would not go outside that Troop's patrol jurisdiction, (apparently all of Sussex County) to investigate a crime.

Merely to state these contentions is to show how flimsy and inadequate they are as a foundation to support the indispensable proof of situs of these crimes. The proof is inadequate whether tested by the preponderance-of-the-evidence rule or by proof-beyond-a-reasonable-doubt standard. See the discussion in *State v. Baldwin*, Me.Supr., Jud.Ct. 305 A.2d 555 (1973). Manifestly, the State cannot prove that this defendant raped and kidnapped this victim in Sussex County, Delaware by showing where a State Policeman would investigate or would not investigate, or "would most likely" go to investigate criminal activity. It is regrettable that such careless prosecution of this serious case requires us to reverse the conviction for failure to make what should have been a threshold presentation by the State.

Reversed.