IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JEFFREY COGAN | § | |
| | § | No. 555, 2019 |
| Defendant Below, | § | |
| Appellant | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1808002090(N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 2, 2020
Decided: February 5, 2021

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

## ORDER

This 5th day of February 2021, upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

1. Jeffrey Cogan has twice been convicted of criminal contempt of a domestic violence protective order in violation of 11 *Del. C.* § 1271A. Cogan was first convicted after a trial before a Family Court Commissioner. After Cogan requested that the Commissioner's Order be reviewed, a Family Court judge affirmed his conviction. Cogan then appealed to the Superior Court, which held a trial *de novo* before a jury. The jury returned a guilty verdict, and the court sentenced Cogan to one year of Level V incarceration, suspended for six months of Level I

unsupervised probation subject to the condition that he successfully complete an anger-management course. Cogan then appealed his conviction and sentence to this Court.

2.      Among other things, the domestic violence protective order that Cogan is said to have violated prohibited him from "contact[ing] or attempt[ing] to contact [his ex-wife, Angela Hower,] in any way, including, but not limited to, by phone, by mail, or by any other means[,] [e]xcept via text message or e-mail as pertaining to the parties['] children only."[1]

3.      A week after the order was entered, Cogan sent Hower a text message that, though raising issues that pertained to the parties' children, gratuitously demeaned Hower and accused her of being a liar. The following day Cogan sent Hower another demeaning text message.

4.      In this appeal, Cogan does not claim that the text of his messages did not offend the provisions of the protective order. Instead, he raises a single issue. He claims that the evidence that he committed the offense in the State of Delaware— a statutory element of the offense—did not support the jury's finding of guilt.

5.      Cogan preserved this issue for appeal by moving—unsuccessfully—for a judgment of acquittal on this ground before the case was submitted to the jury. This Court reviews the denial of a motion for judgment of acquittal *de novo*,

---

[1] Opening Br. Ex. A at 1.

examining "whether any rational trier of fact, viewing the evidence in the light most favorable to the State, could find a defendant guilty beyond a reasonable doubt of all the elements of the crime. For the purposes of this inquiry, this Court does not distinguish between direct and circumstantial evidence."[2]

6. The territorial applicability of the Delaware Criminal Code is set forth in 11 *Del. C.* § 204, which, in relevant part, states:

> (a) Except as otherwise provided in this section a person may be convicted under the law of this State of an offense committed by the person's own conduct or by the conduct of another for which the person is legally accountable if:
>
> > (1) Either the conduct or the result of which is an element of the offense occurs within Delaware . . . .

And under 11 *Del. C.* § 232, in criminal prosecutions, "[f]acts establishing jurisdiction and venue . . . must . . . be proved as elements of the offense."

7. For good measure, the statute under which Cogan was prosecuted—11 *Del. C.* § 1271A(a)(1)—states that "[a] person is guilty of criminal contempt of a domestic violence protective order when the person knowingly violates or fails to obey any provision of the protective order issued by [] the Family Court . . . , *as long as such violation or failure to obey occurred in Delaware*." (Emphasis added).

---

[2] *Cline v. State*, 720 A.2d 891, 892 (Del. 1998).

8.     It is undisputed that the Superior Court instructed the jury that, to find Cogan guilty, it must find, among other things, that the alleged violation or failure to obey the protective order occurred in Delaware.

9.     We do not hesitate to conclude that a rational trier of fact could find beyond a reasonable doubt that Cogan's violation of the domestic violence protective order occurred in Delaware. It has long been recognized that the situs of an offense can be established by inference.[3] But the jury did not need to resort to inference to find that Hower received the offending messages in Delaware; she testified that she received both of them at work—she was employed by the State of Delaware, a fact undoubtedly known by Cogan—at the Division of Family Services office at the New Castle County Police Department. Moreover, that both messages were sent during ordinary work hours—3:48 p.m. and 10:35 a.m., respectively—establishes a substantial likelihood, when this fact is viewed in the light most favorable to the prosecution, that Cogan intended that Hower would receive them in Delaware. And considering that Cogan himself had been employed "in the Delaware area . . . [for] 15 years or so,"[4] suggesting that the messages were also sent from a location in Delaware, all the evidence viewed together—deferentially, as we must—easily

---

[3] *James v. State*, 377 A.2d 15, 15–16 (Del. 1977); *accord Cordero v. State*, 1992 WL 276234, at *1 (Del. Sept. 30, 1992) ("[J]urisdiction requirements may be satisfied . . . by inferences reasonably drawn from direct testimony."); *see also Thornton v. State*, 495 A.2d 126 (Del. 1979).
[4] App. to Opening Br. at A25.

supports the jury's finding that Cogan's violation of the protective order occurred in Delaware.

NOW, THEREFORE, IT IS ORDERED that the Superior Court's judgment is AFFIRMED.

BY THE COURT:

_/s/ Gary F. Traynor_
Justice