## JAMES M. GRANT vs. JOSEPH WARREN MARSHALL.

1. MUNICIPAL CORPORATIONS—RIGHT OF WAY DOES NOT RELIEVE FROM CARE.

That automobile driver has by ordinance the right of way at an intersection of streets does not relieve him of care as to a driver not having such precedence, and the duty of the latter to yield merely devolves upon him a greater duty of care to avoid collision than rests upon the driver having precedence.

2. MUNICIPAL CORPORATIONS—DRIVER MAY ASSUME THAT AUTOMOBILE HAVING RIGHT OF WAY WILL NOT APPROACH INTERSECTION AT NEGLIGENT SPEED.

A driver who has not the right of way may assume that an automobile approaching a street intersection and having the right of way will not approach it at a negligent rate of speed.

(*March* 28, 1923.)

HARRINGTON, J., sitting.

*Reuben Satterthwaite, Jr.*, for plaintiff.

*Philip L. Garrett* and *George W. Lilly* for defendant.

Superior Court for New Castle County, March Term, 1923.

Action by the plaintiff to recover damages for injuries done to his automobile in a right angle collision with the automobile of defendant, alleged to have been caused by the negligence of defendant.

The plaintiff's evidence tended to prove that at about six o'clock, on the night of December 29, 1921, he was driving north and slightly to the right of the center of the bed of the street, on Orange street in the City of Wilmington, at its intersection with Tenth street; that both Orange and Tenth strees are public highways of this state and city on which the buildings are less than an average distance apart of one hundred feet; that it was a cold, windy night and there was little or no traffic on Tenth street; that he was driving at a rate of speed not exceeding seven and a half miles an hour; that the bed of Tenth street is forty-two feet wide, and the sidewalks on either side of said street are about fifteen feet wide; that when his automobile had crossed the northerly trolley car track on Tenth street, and the bumper on the front part of his car was projecting slightly to the north of the north curb

line of Tenth street, it was struck on the right side, about midway between the front and back wheels, and opposite the door, by an automobile driven by the defendant in a westerly direction on Tenth street at such a high rate of speed that plaintiff's automobile was pushed across Orange street and against a telegraph pole about fifteen or twenty feet north of the northerly curb line of Tenth street; that when he reached the south side of Tenth street there was no automobile approaching from the east on Tenth street within a distance of a least one hundred and fifty feet, but that before his car had fully crossed and cleared Tenth street it was struck by the defendant's car, and that by reason of such collision plaintiff's car was badly damaged.

The defendant admits that he was driving west on Tenth street, on the night of the accident, and that his car collided with the car of the plaintiff. He contends that when he reached a point on Tenth street about opposite the front door of the Y. M. C. A. Building, at the corner of Tenth and Orange streets, and about fifty feet east of the intersection of said streets, he saw the plaintiff's car coming into Tenth street and running at a rate of from thirty to thirty-five miles an hour; that defendant was then driving at a moderate rate of speed, though he did not specify the rate; that the plaintiff continued on his way up Orange street without applying his brakes; that the defendant applied his brakes and turned his car up Orange street in an effort to avoid the collision, but was unable to do so. As a defense, he relied on the fact that he had the right of way under section 18 of the City Ordinances and that the plaintiff was guilty of contributory negligence on his part.

HARRINGTON, J., charged the jury. In addition to the usual charge on the law of negligence, contributory negligence and negligence *per se*, where a public highway is used in a manner prohibited by statute or city ordinance, he also gave the following instructions:

*Section* 18 of the Ordinances of the City of Wilmington provides:

· "The operator or driver of a vehicle shall have the right of way over the operator or driver of a vehicle which is approaching from the left on an inter-

secting street or roadway, and shall give the right of way to an operator or driver of a vehicle approaching from the right on an intersecting street or roadway."

*Section* 24 of the City Ordinances also provides:

"The operator or driver of a vehicle shall not proceed at any time at a greater speed than the law allows."

*Section* 246 of the *Revised Code* of 1915, as amended by 28 *Del. Laws*, *c.* 18, which is *section* 209 of the *Motor Vehicle Law*, provides:

"The following rates of speed may be maintained but not exceeded: Upon any public street or highway where the buildings are less than an average distance apart of one hundred feet, a rate of speed of one mile in four minutes shall be permitted, but not exceeded, which, however, shall be reduced to the rate of one mile in eight minutes at curves and at intersections of other streets or highways:    *    *    *    Provided that nothing in this section shall permit any person to drive a motor vehicle at a greater rate of speed than is reasonable, having regard to the traffic, or so as to endanger the safety of any person, or injure the property of any person.    *    *    *    "

[1]  In stating the rule with respect to the rights of drivers of motor vehicles at intersecting streets, under the above ordinance, it would be difficult to improve on the language used by Berry on Automobiles in considering similar ordinances:

"A driver having the right of way at a street intersection is not justified in plunging ahead regardless of consequences nor in failing to exercise ordinary care to avoid injury to others, but the fact that he has the right of way is important in considering the question of negligence.    The right of precedence at a crossing, whether given by law or established by custom, has no proper application except where the drivers of vehicles at intersecting streets approach the crossing so nearly at the same time and at such rates of speed that if both proceed, each without regard to the other, a collision or interference between them is reasonably to be apprehended.    In such case, it is the right of the one having the precedence to continue his course, and it is the duty of the other to yield to him the right of way.    But if a traveler, not having such right of precedence comes to the crossing and finds no one approaching it upon the other street within such distance as reasonably to indicate danger of interference or a collision, he is under no obligation to stop or wait, but may proceed to use such crossing as a matter of right.    *    *    *When a motorist approaches an intersection at which vehicles moving at right angles to his course are given the right of way, a greater duty rests upon him to avoid a collision with any such vehicle than upon the driver of the latter." *Berry, Automobiles*, § 191.

See, also, *Section* 814;  *Glatz v. Kroeger Bros. Co.*, 168 *Wis.* 635, 170 *N. W.* 934;  *Barnes v. Barnett*, 184 *Iowa* 936, 169 *N. W.* 365;  *Paulsen v. Klinge*, 92 *N. J. Law* 99, 104. *Atl.* 95.

[2]   But having the right of way by ordinance does not absolve a driver "from the duty of exercising care to avoid collision with machines approaching a corner of the intersecting street, and of allowing the right of way if such care requires that he do so. A driver who has not the right of way may assume that an automobile approaching the corner and having the right of way will not approach it at a negligent rate of speed.   *   *   *   Under statute or ordinance giving the right of way at intersections to the vehicle approaching from the right, if the vehicle approaching from the left arrives at the intersection when it is apparent that it can safely cross before the other vehicle arrives, it may properly do so; the rule as to the right of way not applying in such instance." *Berry, Automobiles,* § 814, *supra; Golden Eagle D. G. Co. v. Mockbee,* 68 *Colo.* 312, 189 *Pac.* 850.