ELEANOR M. GARROD and HARRY W. GARROD, Plaintiffs Below, Appellants, v. WILLIAM J. GOOD, a minor, by his guardian ad litem, VERNON E. GOOD, Defendant Below, Appellee.

(*July* 27, 1964.)

TERRY, C. J., and WOLCOTT and CAREY, J. J., sitting.

*Gerald Z. Berkowitz,* of Wahl, Greenstein & Berkowitz, for appellants.

558

*Thomas G. Hughes,* of Berl, Potter & Anderson, for appellee.

Supreme Court of the State of Delaware, No. 91, 1963.

CAREY, Justice.

The plaintiffs below filed this appeal from a judgment rendered upon an adverse jury verdict in the Superior Court for New Castle County. The case arose out of an automobile collision in which Mrs. Garrod allegedly sustained personal injuries. She was a passenger in a car driven by Georgia Wyszinski. The appellee was the driver of the other car.

The accident occurred on October 6, 1961 about nine o'clock in the evening in a large parking lot in front of a shopping center. The lot was marked in some manner to provide parking spaces intersected by lanes, similar to streets, for the movement of cars. The Wyszinski vehicle was traveling easterly on one of those lanes, and Good was going northerly on another. They collided at the intersection of the two lanes. The Good car hit the other on its right side towards the rear.

Good testified that he stopped before entering the intersection, looked to his left and right, after which, having seen nothing approaching, he started across. Miss Lumsden, his passenger, testified that she also looked both ways and saw nothing before he started across. Both stated that their view to the left was partially blocked by a parked vehicle. Just after he entered the intersection, however, she saw the other car whereupon she yelled and he put on his brakes, but this was too late to avoid hitting the Wyszinski car. Apparently, the impact was not severe. Miss Lumsden testified that she immediately went to see if the

people in the other car were hurt. They stated they were not, and Mrs. Wyszinski said to her that she had speeded up to try to beat the appellee across the intersection. Mrs. Wyszinski did not testify at the trial or by deposition.

Appellants contend that they were entitled to a directed verdict on the issue of liability, or at least on the issue of Good's negligence, for the reason that he must have failed to keep a proper lookout, otherwise he would have seen the Wyszinski car approaching. Under all the circumstances, we are of the opinion that these questions were properly left to the jury for determination because we are not satisfied that the facts were entirely clear or that there was only one possible inference to be drawn from the evidence.

In the alternative, appellants contend that they are entitled to a new trial. They advance several reasons, none of which have merit, in our opinion. We, of course, must view the evidence in the light most favorable to the appellee. *Newark Trust Co. v. Bruwer*, 1 Storey 188, 141 A.2d 615.

The first argument involves the admission into evidence of certain testimony given by Miss Lumsden and the inclusion of an instruction in the charge, based partly on that testimony, pertaining to right-of-way. Plaintiffs contend that no question about right-of-way was raised in the pleadings, that they came to trial unprepared to meet such an issue, and that the trial Court should have sustained their objection and refrained from charging on the point. They also contend that certain parts of her testimony were inadmissible under the hearsay rule.

Defendant's answer to the complaint simply denied negligence and proximate cause on his part; it did not affirmatively allege negligence on the part of Mrs.

Wyszinski. We seriously doubt that Superior Court Rule 8 requires such an affirmative allegation in a situation of this type. Cf. 2 Moore's Federal Practice § 8.27. Unlike a charge of contributory negligence, defendant was under no burden to affirmatively prove anything; the burden was upon appellants to prove that his negligence was a proximate cause of the collision. In a case like this it would be virtually impossible to determine the issues of defendant's negligence and proximate cause without knowing the actions of the other driver. Such evidence necessarily comes in and, if it shows that the collision was caused solely by negligence of the other driver, defendant's denial is thereby sustained and plaintiffs have not met their burden. We need not resolve the matter before us upon any interpretation of Rule 8, however; the Trial Judge handled the situation under Rule 15 by allowing an amendment. We see no reversible error in his doing so. That Rule permits the reception of evidence which is beyond the scope of the pleadings and allowing those pleadings to be amended unless the objecting party shows prejudice. Moreover, the Court may grant a continuance to enable him to meet the evidence. The Rule is designed to carry out the modern philosophy that cases should be tried on their merits rather than on the pleadings. The record before us contains nothing whatever to show that plaintiffs' counsel presented any claim of prejudice during the trial, or that he even requested a continuance as a result of the ruling. Obviously, the Trial Judge was not satisfied that any prejudice existed; nothing presented to us justifies a different conclusion.

 Plaintiffs contend that the charge was prejudicial because there was no evidence that defendant was entitled to the right-of-way. He was, of course, approaching on the right of the other car, and there was some indication that he was the first to enter the intersection. In our opinion, he was entitled to the charge. *Greenplate v. Lowth,*

9 W.W.H. 350, 199 A. 659, and *Grant v. Marshall*, 2 W.W.H 239, 121 A. 664, do not hold that a driver is deprived of all benefits of the right-of-way rules merely because he may not have been completely in his right lane of travel.

Plaintiffs next contend that two statements in the testimony of Miss Lumsden were inadmissible. One item is the statement that Mrs. Wyszinski was traveling at "great speed". One trouble here is that no objection was made at the trial nor was there any request that it be stricken. The complaint comes too late. The other item was Miss Lumsden's statement quoting Mrs. Wyszinski as saying that "she had seen us coming but she tried to speed up in an effort to beat us across the intersection". The statement was made, according to Miss Lumsden, right after the other ladies had said they were not hurt. The lapse of time was whatever number of seconds it took Miss Lumsden to get out of defendant's car and walk over to the other one. Plaintiffs objected that this testimony was beyond the issues as framed by the pleadings. We have already indicated our views on this argument. An objection was also made on the basis of the hearsay rule. We think it was clearly admissible under the doctrine of res gestae. That exception to the hearsay rule is not limited to statements of the parties. *Cloud v. State*, 2 Storey 182, 154 A.2d 680, 78 A.L.R.2d 294.

During the cross-examination of a witness, the Trial Judge made a remark which indicated some doubt in his mind as to whether the State traffic regulations were in force at the location of the accident, which was on private property. At that time, he expressed no opinion on the point one way or another. In the first place, no objection was made at the time nor did counsel ask that the remark be stricken. In the second place, we cannot con-

ceive how it was in the slightest degree prejudicial, especially in view of the instructions contained in the charge. In his brief, counsel suggests that he was prevented from asking further questions concerning defendant's position on the road prior to the impact. We can see nothing in the remark itself which should have caused counsel to draw such an inference; the only actual ruling the Judge made at that time was to sustain an objection to a question which in effect asked the witness for a conclusion of law. In fact, immediately after this ruling, plaintiff's counsel went on to ask a number of additional questions concerning defendant's position on the road.

Finally, appellants contend that the charge itself contained error by mentioning "speeding" on the part of Mrs. Wyszinski. We are unable to find any such remark. The Judge did refer to the testimony that she "speeded up to beat the defendant across the intersection" and he allowed the jury to consider it in determining the case. We do not interpret this as any implication that Mrs. Wyszinski was driving at an excessive rate of speed; the Judge obviously was using it in the sense of moving faster than before—the same sense in which the witness had used the expression. We cannot believe that the jury was misled thereby.

We find no reversible error in the record. The judgment will, therefore, be affirmed.