Commonwealth ex rel. Ashfield, Appellant, *v.* Cortes.

516

Argued June 15, 1967. Before Ervin, P. J., Wright, Watkins, Montgomery, Jacobs, Hoffman, and Spaulding, JJ.

*John G. Veith,* of Community Legal Services, Inc., for appellant.

*Edward Stone,* with him *W. Belskin Ginsburg* and *Martin P. Mullen,* for appellee.

OPINION BY SPAULDING, J., September 15, 1967:

This appeal is from the dismissal in the Philadelphia County Court of a habeas corpus petition filed by Olivia Ashfield, appellant, for the custody of her five minor grandchildren.

Appellant, a subject of Great Britain residing in London, England, came to Philadelphia in July 1966 to aid her daughter Justine Cortes, respondent and mother of the children. Respondent also is a subject of Great Britain, but her five children, ranging in age from four to thirteen years, are citizens of the United States. They reside with respondent who has been separated from her husband Victor Cortes since 1961. The husband does not claim custody of the children and appeared as a witness on behalf of appellant.

Appellant's petition alleges, inter alia, that respondent resides with another female and is engaged in open, notorious and unconcealed acts of sexual abnormalities with this person in the presence and with the knowledge of the children. Subsequent allegations recite that this conduct will have an adverse effect upon the children's "normality, behavior and upbringing." The petition in this action to obtain custody of the children further relates that appellant resides with her married son, his wife and three children in a home in London, England, consisting of six large rooms described as sufficient to provide adequate and proper living quarters for the children.

Three hearings were held before the court below. Evidence adduced disclosed that respondent met one Patricia Lake in February 1965. From September 1965, Miss Lake has been living with respondent and her five children. Subsequently, with initial funds provided by Miss Lake, she and respondent jointly acquired title to a house in Philadelphia where Miss Lake, Mrs. Cortes and her five children now reside.

For about two years Patricia Lake has shared the same home and bed with respondent and has helped to support her family. The entire record suggests an unhealthy relationship in the household which has not been explained, primarily through failure of the trial court to assume responsibility in determining all of the facts concerning appellant's allegations. During 42 pages of testimony in the direct examination of appellant, an alien in an unknown setting, some 35 objections were made by respondent's counsel to questions submitted to appellant, only two of which were overruled. This regrettable circumstance in the proceedings below can only have caused Mrs. Ashfield understandably to question the efficacy of the pursuit of our American brand of justice. In *Commonwealth ex rel. McNamee v. Jackson*, 183 Pa. Superior Ct. 522, 529, 132 A. 2d 396 (1957), reference is made to an observation by the Honorable HORACE STERN, retired Chief Justice of the Supreme Court, who decried the excessive use of objections to testimony during trials in Pennsylvania, and told of sitting for days in England while negligence cases were being tried without hearing a single objection to testimony, even when clearly objectionable questions were asked. In the instant case the trial court excluded testimony and offers of correspondence which may well have answered the questions so vital to the welfare of the children.

In reviewing proceedings of custody of children, this court must "consider the testimony and make such order upon the merits of the case . . . as to right and justice shall belong." Act of July 11, 1917, P. L. 817, §1, 12 P.S. §1874. The primary and controlling principle to which every court must adhere is the determination as to what is best for the child. *Commonwealth ex rel. Children's Aid Society v. Gard*, 162 Pa. Superior Ct. 415, 419, 58 A. 2d 73 (1948), *aff'd*, 362 Pa. 85, 66 A. 2d 300 (1949). As more recently stated

by Justice MUSMANNO in *Commonwealth ex rel. Ruczynski v. Powers,* 421 Pa. 2, 3, 219 A. 2d 460 (1966), "In determining the custody of a child of tender years, there is only one polestar, one compass, one standard of reasoning to follow, and that is the best interest of the child."

"Infants are wards of the court having jurisdiction of their person. They are under its protection, care, and control. In awarding the custody of a child, the court must be guided in its decision by the welfare and best interests of the child. The Commonwealth is vitally concerned with infants within its boundaries and an interested party in all matters affecting them." *Commonwealth ex rel. Graham v. Graham,* 367 Pa. 553, 559, 80 A. 2d 829 (1951). In *Immerman v. Immerman,* 1 Cal. Rep. 298, 301 (1959), where evidence was offered in an attempt to prove improper conduct on the part of the mother and the trial court sustained objection of the mother upon the ground that such evidence was immaterial, the ruling of the trial court as to the admissibility of the evidence was held to be "clearly erroneous and prejudicially so." There the court stated, *"In order that the best interests and general welfare of the child may be conserved, it is the duty of the trial judge to make the fullest possible inquiry in an action involving the custody of a minor child."* (Emphasis added.)

The record which has come to us on this appeal is incomplete and unsatisfactory for appellate review, due largely to the atmosphere which pervaded the hearings in the trial court. The obvious hostility between counsel for appellant and the court we find inappropriate, especially where the result was to prejudice the interest of the parties most concerned, i.e., the children. From the present status of the record we cannot properly form our own independent judgment, and must, therefore, remand for a hearing de novo.

If it is determined after rehearing that respondent has, in fact, engaged in conduct which may in the future have an adverse effect on the children, but that the welfare and best interests of the children will nevertheless be served by having them remain in this country under the care of the respondent mother, the trial court has the power and authority to impose and enforce remedial conditions for such custody. *Commonwealth ex rel. Peraino v. Scalzo*, 26 North. 281 (C.P. Northampton Co., 1938) ; *Commonwealth ex rel. Chiemienti v. Chiemienti*, 32 Del. 241 (C.P. Del. Co. 1943).

Reverse and remand for hearing de novo.

WRIGHT, J., concurs in the result.