**ALD-020** NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3653
_____

YOUNES KABBAJ,

Appellant

v.

MARK SUTHERLAND SIMPSON,
aka Mark Sherman Simpson
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 1:12-cv-01322)
District Judge: Honorable Richard G. Andrews
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 24, 2013

Before: RENDELL, FISHER and GREENAWAY, JR., <u>Circuit Judges</u>

(Opinion filed: November 20, 2013)

_____

O P I N I O N
_____

PER CURIAM

Pro se appellant Younes Kabbaj appeals from the District Court's order granting Mark Simpson's motion to dismiss for lack of personal jurisdiction. There being no substantial question presented, we will grant Simpson's motion to summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

I.

Kabbaj, a former employee of the American School of Tangier ("AST"), sued Simpson, the former headmaster of the AST, for breach of contract, tortious interference, and defamation. The contract at issue was a settlement agreement and release that ended previous federal litigation by Kabbaj against Simpson, AST, and other defendants.[1] See Kabbaj v. Am. Sch. of Tangier, D. Del. Civ. No. 1:10-cv-00431. In the new complaint, Kabbaj alleged that he is a resident of Florida[2] and that Simpson is a resident of New York City, California, Oregon, France, and elsewhere. Kabbaj admitted that both he and Simpson had no personal connection to Delaware but were "bound" to litigate this matter in Delaware because AST, a Delaware corporation, was the target of Simpson's tortious conduct.[3] Simpson filed a motion to dismiss for lack of personal jurisdiction, which the District Court granted. This appeal followed.[4]

---

[1] The District Court retained jurisdiction over the enforcement of the settlement agreement. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381-82 (1994).

[2] Given that Kabbaj himself is not a resident of Delaware, we agree with the District Court that Delaware's interests in his litigation are "considerably diminished." See Asahi Metal Indus. Co. v. Superior Court of Cal., 480 U.S. 102, 114 (1987).

[3] Kabbaj originally filed suit in the Southern District of New York. However, in Kabbaj v. Am. Sch. of Tangier, the District of Delaware enjoined Kabbaj from filing a civil action against any of the defendants involved in that lawsuit without obtaining written permission from a judge of that court. To facilitate that, the Southern District of New

2

## II.

### A. Applicable Law

To survive Simpson's motion to dismiss based on a lack of personal jurisdiction, Kabbaj needed to make out at least a prima facie case for that jurisdiction; as the District Court did, we take all of his allegations as true and resolve any factual disputes in his favor.[5] See Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004). A two-pronged analysis is applied to determine whether Kabbaj has carried his burden. First, the court determines whether service was authorized by Delaware's long-arm statute, 10 Del. C. § 3104.[6] IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 258-59 (3d Cir. 1998). If the long-arm statute is satisfied, a court must consider whether the exercise of jurisdiction under that statute comports with due process. Id. at 259.

---

York transferred Kabbaj's action to the District of Delaware. The District Court subsequently granted him leave to file his suit and, in an order entered on November 2, 2012, directed Kabbaj to either litigate in Delaware or file a motion to have his case transferred elsewhere. Kabbaj indicated his intent to litigate in Delaware by effectuating service on Simpson.

[4] We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and we engage in plenary review of the District Court's personal jurisdiction determination. See Yarris v. Cnty. of Del., 465 F.3d 129, 134 (3d Cir. 2006).

[5] Kabbaj asked for jurisdictional discovery. The District Court's denial of that discovery was not an abuse of discretion because, as discussed below in the text, Kabbaj failed to make out a prima facie case that could justify jurisdictional discovery. See Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 455-56 (3d Cir. 2003).

[6] The Federal Rules of Civil Procedure provide that a "federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987). The Delaware long-arm statute, 10 Del. C. § 3104(c), is to be broadly construed to confer jurisdiction to the maximum extent possible under the Due Process Clause. See LaNuova D&B S.p.A. v. Bowe Co., 513 A.2d 764, 768 (Del. 1986).

The exercise of personal jurisdiction under the Due Process Clause depends upon "the relationship among the defendant, the forum, and the litigation." Shaffer v. Heitner, 433 U.S. 186, 204 (1977). If Kabbaj's claim did not arise from Simpson's contacts with Delaware, the District Court could exercise general jurisdiction only if it determined that Simpson has "continuous and systematic" contacts with Delaware. See Helicopteros Nacionalies de Colombia, S.A. v. Hall, 466 U.S. 408, 414 & n.9, 416 (1984). However, if Kabbaj's cause of action arose from Simpson's contacts with Delaware, the District Court could exercise specific jurisdiction over Simpson if it found that he has sufficient minimum contacts with the forum and if the exercise of jurisdiction would "comport with traditional notions of fair play and substantial justice." IMO Indus., Inc., 155 F.3d at 259 (citations and internal quotation marks omitted). To determine whether minimum contacts exist, the District Court needed to determine whether Simpson has "'purposefully avail[ed] [him]self of the privilege of conducting activities within [Delaware].'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)).

### B. General Jurisdiction

Kabbaj alleged that Simpson's activities triggered § 3104(c)(4), which allows courts to exercise jurisdiction over a defendant who "regularly does or solicits business, engages in any other persistent course of conduct in the State or derives substantial revenue from services, or things used or consumed in the State."[7] We agree with the

---

[7] The Delaware Supreme Court has noted that this subsection is a general jurisdiction provision. See LaNuova, 513 A.2d at 768.

4

District Court that personal jurisdiction will not lie under this provision. First, although AST, Simpson's former employer, is a Delaware corporation, Simpson's former employment, taken alone, does not satisfy the requirements of the long-arm statute. See TriStrata Tech., Inc. v. Neoteric Cosmetics, Inc., 961 F. Supp. 686, 691 (D. Del. 1997). Furthermore, while Kabbaj asserted that Simpson has continuous contacts with Delaware because of his contract to sell his books through Amazon, another Delaware corporation, merely contracting with a Delaware corporation does not provide the necessary connection for the exercise of jurisdiction. See Burger King Corp., 471 U.S. at 479. Likewise, nothing in the record suggests that Simpson makes regular sales or earns substantial revenue from books sold and shipped to Delaware. At all events, Kabbaj has failed to demonstrate that Simpson has continuous and systematic contacts with Delaware permitting an exercise of general jurisdiction. See Helicopteros Nacionalies de Colombia, S.A, 466 U.S. at 414 & n.9, 416.

**C. Specific Jurisdiction**

Although Kabbaj contends that the exercise of personal jurisdiction over Simpson was authorized under § 3104(c)(1) & (3), we agree with the District Court that his argument is meritless. These subsections allow the exercise of jurisdiction over a plaintiff's claims arising from, respectively, business transacted by a nonresident in Delaware, or tortuous injury that occurs because of a nonresident's act or omission in

5

Delaware.[8] In his complaint, Kabbaj himself acknowledged that the only time Simpson was present in Delaware was at a conference he attended in 1998. Nothing in the record indicates that Simpson has ever transacted business or performed any work or service in Delaware. Although Kabbaj alleged that Simpson transacted with Internet Service Providers ("ISPs") in Delaware to post defamatory articles on electronic message boards, nothing suggests that a principal-agency relationship existed between Simpson and these ISPs. See Estate of Eller v. Bartron, 31 A.3d 895, 897 (Del. 2011) (discussing when an agency relationship is created). Accordingly, we agree with the District Court that Kabbaj has not satisfied the requirements of § 3104(c)(1). Likewise, § 3104(c)(3) is inapplicable, as nothing in the record indicates that Simpson made any defamatory electronic postings while present in Delaware.

We also note that exercising specific jurisdiction would not comport with due process. Personal jurisdiction cannot lie solely on the basis that Simpson's Internet postings may be accessed by individuals in Delaware. Instead, Kabbaj needed to demonstrate that Simpson purposefully availed himself of conducting activity in Delaware "by directly targeting [his postings] to the state, knowingly interacting with residents of [Delaware] via [his postings], or through sufficient other related contacts." Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 454 (3d Cir. 2003); see also Shrader v. Biddinger, 633 F.3d 1235, 1241 (10th Cir. 2011) (noting that "posting allegedly defamatory comments or information on an internet site does not, without more, subject

_____

[8] The Delaware Supreme Court has noted that these provisions allow for the exercise of specific jurisdiction and apply only when some action taken by the defendant occurs in Delaware. See LaNuova, 513 A.2d at 768.

the poster to personal jurisdiction wherever the posting could be read").  This Kabbaj failed to do.

In sum, we agree with the District Court that Kabbaj did not meet his burden of making a prima facie case for the exercise of personal jurisdiction.

III.

For the foregoing reasons, we will grant Simpson's motion and will summarily affirm the District Court's judgment.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.  We grant Kabbaj's motion to exceed the page limit in his response to Simpson's motion to summarily affirm; however, we deny his motion to stay.