**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

VIVIAN L. MEDINILLA
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
TELEPHONE (302) 255-0626

February 12, 2020

Albert M. Greto, Esquire
Greto Law
715 N. Tatnall Street,
Wilmington, Delaware 19801

Jeffrey M. Weiner, Esquire
1332 King Street,
Wilmington, Delaware 19801

Claiborne S. Newlin, Esquire
Markowitz & Richman
1224 North King Street, Suite 804,
Wilmington, DE 19801

**Re:** *Michael Ciabattoni v. Teamsters Local 326, et al.,*
**Case No.: N15C-04-059 VLM**

Dear Counsel:

This is the Court's decision on Plaintiff's Motion to Amend Complaint and Add Christopher Buschmeier and Michael Thiemer as Defendants. After consideration of all pleadings, the oral arguments on November 5, 2019, for the reasons state below, Plaintiff's Motion to Amend Complaint and Add Christopher Buschmeier and Michael Thiemer as Defendants is **GRANTED, in part and DENIED, in part.**

The Court will not reiterate the factual background of this case, previously fully presented in prior rulings.[1] What follows is a summation of the relevant procedural submissions solely for purposes of the pending Motion.

---

[1] *See Ciabattoni v. Teamsters Local 326*, 2017 WL 1175665 (Del. Super. Ct. Mar. 28, 2017) (granting Defendant Travis Eby's motion to dismiss on personal jurisdiction grounds); *see also Ciabattoni v. Teamsters Local 326*, 2016 WL 4442277 (Del. Super. Ct. Aug. 22, 2016) (same as to Defendant Robert Taylor).

1

## I. Factual and Procedural Background[2]

On October 21, 2019, Plaintiff filed a Motion for an Order Permitting Plaintiff to Amend His Complaint and Add Christopher Buschmeier ("Buschmeier") and Michael Thiemer ("Thiemer") as Defendants ("Proposed Defendants"). Defendants and Non-party Christopher Buschmeier filed their oppositions on October 29 and 30, 2019, respectively. The parties presented oral arguments on November 5, 2019. Counsel for Non-party Buschmeier appeared and argued his opposition despite the fact that Plaintiff's counsel had not provided notice to either Buschmeier or Thiemer.

## II. Contentions of the Parties

Plaintiff makes two arguments for amendment. First, Plaintiff seeks to correct language in his Second Amended Complaint.[3] Claiming that "prior counsel" made a mistake, he seeks leave to amend language in Paragraph 15 and Paragraphs 43-49[4] to replace the word "spouse" with "significant other"[5] and, in Paragraphs 43-49, that he "engaged in business with FedEx through Plaintiff's LLC, and their agent, LRI," in lieu of current language that he and FedEx were parties to a contract.[6] Defendants oppose arguing current counsel has always been listed as attorney of record. The amendments conform to the evidence in the case.[7] The request to correct the language is **GRANTED.**

Second, Plaintiff argues that Buschmeier and Thiemer are amenable to the jurisdiction of this Court and seeks to join them defendants. As to Buschmeier, Plaintiff contends he is subject to personal jurisdiction by virtue of: (1) alleged significant business contacts in Delaware and (2) "conspiracy theory jurisdiction."

---

[2] The Court's recitation is based on Plaintiff's Motion for an Order Permitting Plaintiff to Amend his Complaint and Add Christopher Buschmeier and Michael Thiemer as Defendants filed on October 21, 2019, Teamsters Defendant's Opposition to Plaintiff's Motion to File Third Amended Complaint filed on October 29, 2019, Non-Party Christopher Buschmeier's Opposition to Plaintiff's Motion to Amend Complaint to Name Him as a Defendant, and Oral Argument on Plaintiff's Amended Motion heard on November 5, 2019.

[3] *See* Plaintiff's Motion for an Order Permitting Plaintiff to Amend Complaint and Add Defendants ¶ 1 [hereinafter "Pl.' Mot."].

[4] Pl.'s Motion at ¶ 1.

[5] *Id.*

[6] *Id.*

[7] *See Incyte Corp. v. Flexus Biosciences, Inc.*, No. CVN15C09055MMJCCLD, 2018 WL 6428155, at *10 (Del. Super. Ct. Aug. 23, 2018) (citing *Beattie v. Beattie*, 786 A.2d 549, 558 (Del. Super. Ct. 2001) (citing DEL. SUPER. CT. CIV. R. 15(b); *Garrod v. Good*, 203 A.2d 112 (Del. 1964))) (granting plaintiff's motion to amend where plaintiff demonstrated good cause to amend its complaint to conform to the evidence revealed during discovery).

As to Thiemer, Plaintiff contends he is subject to personal jurisdiction by way of "conspiracy theory jurisdiction." He further argues that the allegations in the Proposed Third Amended Complaint relate back to the filing date of the original complaint.[8] Finally, Plaintiff states Proposed Defendants are necessary parties; without their involvement, Plaintiff may not obtain complete relief.[9]

Defendants maintain that this proposed Third Amended Complaint is, a "last-ditch effort to save his case."[10] They argue futility; Plaintiff's amendment would not survive a motion to dismiss under Superior Court Civil Rule 12(b)(6), and serves only to further delay litigation and prejudice Defendants. Finally, they argue the proposed claims are barred by the Statute of Limitations. Non-Party Buschmeier argues that the Court does not have jurisdiction over him, as an out-of-state resident. Buschmeier also maintains that Plaintiff has not properly alleged notice or mistake to meet the requirements of Superior Court Civil Rule 15(c). This Court agrees.

### III. Standard of Review

Under Delaware Superior Court Civil Rule 15(a), "a party may amend [a] . . . pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."[11] Amendment "is permitted under liberal construction of this rule unless the opposing party would be prejudiced thereby."[12] The Court will not grant a motion to amend where there is "evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, prejudice, futility, or the like."[13]

---

[8] Pl.'s Mot. at ¶ 10 (citing SUPER. CT. CIV. R. 15(c)(3)).

[9] *Id.* at ¶¶ 6,8 (citing SUPER. CT. CIV. R. 19(a)).

[10] Defendant's Opposition to Plaintiff's Motion to File Third Amended Complaint at ¶ 3 [hereinafter "Def.'s Resp."].

[11] DEL. SUPER. CT. CIV. R. 15(a).

[12] *Rinaldi v. Iomega Corp.*, No. C.A.98C-09-064RRC, 2000 WL 973257, at *1 (Del. Super. Ct. May 23, 2000) (citing *Dunfee v. Blue Rock Van & Storage, Inc.*, 266 A.2d 187 (Del. Super. Ct. 1970); *Gott v. Newark Motors, Inc.*, 267 A .2d 596 (Del. Super. Ct. 1970); *Paul v. Chromalytics Corp.*, 343 A.2d 622 (Del. Super. Ct. 1975)).

[13] *Sokol Holdings, Inc. v. Dorsey & Whitney, LLP*, No. CIV.A. 09C-08-239JAP, 2010 WL 599330, at *2 (Del. Super. Ct. Feb. 19, 2010) (quoting *Hess v. Carmine*, 396 A.2d 173, 177 (Del. Super. Ct. 1978)).

3

## IV. Discussion

### 1. Jurisdiction and the Proposed Defendants

The burden is on Plaintiff to demonstrate that this Court has jurisdiction over Proposed Defendants.[14] In determining whether the Court has personal jurisdiction over proposed non-resident defendants, it conducts a two-step analysis.[15] First, the Court assesses whether jurisdiction exists under Delaware's long-arm statute.[16] Then, if the plaintiff is able to make a showing of this, the Court next determines "whether the exercise of personal jurisdiction is compatible with the federal constitution."[17] This Court does not address the constitutional prong of the analysis where Plaintiff has failed to demonstrate that personal jurisdiction exists under Delaware's long-arm statute.

Under 10 *Del. C.* § 3401, the Court may consider to exercise general or specific jurisdiction.[18] Under 10 *Del. C.* § 3104(c)(4), general jurisdiction over a non-resident exists when he has "greater contacts with the forum state,"[19] even if "the claim is unrelated to forum contacts."[20] By contrast, under 10 *Del. C.* § 3104(c)(3), specific jurisdiction over a non-resident exists when there is "a link between the cause of action and the defendant's conduct."[21] "Delaware law requires both a tortious act within the State and an act or omission within the State."[22]

Plaintiff argues that this Court has personal jurisdiction over Buschmeier because he "does business and has significant contacts with the State of Delaware."[23] He alleges that Buschmeier "is an officer of Local 107 of the Teamsters, lead

---

[14] *See Sokol Holdings, Inc. v. Dorsey & Whitney, LLP*, No. CIV.A. 09C-08-239JAP, 2010 WL 599330, at *4 (Del. Super. Ct. Feb. 19, 2010).

[15] *See Rotblut v. Terrapinn, Inc.*, No. CV N15C-12-024 AML, 2016 WL 5539884, at *4 (Del. Super. Ct. Sept. 30, 2016); *see also Sokol Holdings, Inc.*, 2010 WL 599330, at *4.

[16] *See Rotblut*, 2016 WL 5539884, at *4; *see also Sokol Holdings, Inc.*, 2010 WL 599330, at *4.

[17] *See Rotblut*, 2016 WL 5539884, at *4; *see also Sokol Holdings, Inc.*, 2010 WL 599330, at *4.

[18] *Sokol Holdings, Inc.*, 2010 WL 599330, at *4.

[19] *Rotblut*, 2016 WL 5539884, at *4.

[20] *Rotblut*, 2016 WL 5539884, at *4 (quoting *inni360, Inc. v. Zakta, LLC*, 50 F. Supp. 3d 587, 593 (D. Del. 2014) (citing *Applied Biosystems, Inc. v. Cruachem, Ltd.*, 772 F. Supp. 1458, 1466 (D. Del. 1991))).

[21] *Id.* (citing *Kabbaj v. Simpson*, 2013 WL 2456108, at *5 (D. Del. 2013) (citing *Monsato Co. v. Syngenta Seeds, Inc.*, 443 F. Supp. 2d 636, 642 (D. Del. 2006)); *Boone v. Oy Partek Ab*, 724 A.2d 1150, 1155 (1997))).

[22] *Ramada Inns, Inc. v. Drinkhall*, No. CIV.A. 83C-AU-56, 1984 WL 247023, at *2 (Del. Super. Ct. May 17, 1984).

[23] Pl.'s Mot., Exhibit F at ¶ 11.

4

organizer of the Teamsters' Joint Council 53, and the point person directing and controlling the Teamsters' campaign . . . and associated Facebook pages[.]"[24] Plaintiff pleads that Buschmeier is "a resident of the Commonwealth of Pennsylvania who monitored and remained informed of all aspects of this instant litigation" and that he "committed certain acts . . . directed at Plaintiff and the instant litigation in Delaware."[25] Plaintiff claims that Buschmeier was "personally and professionally close to the Individual Teamster Defendants," specifying Defendant Smith in particular.[26]

In *Sokol Holdings, Inc. v. Dorsey & Whitney, LLP*, upon consideration of a motion to amend complaint to add a defendant, the Superior Court found that amendment was futile where plaintiffs failed to establish jurisdiction over the proposed defendant. In making this finding, the Court identified that the plaintiffs failed to show that the proposed defendant "engage[d] in any regular or persistent conduct in this State of that he derives substantial revenue from services rendered[.]"[27] Here, Plaintiff argues "significant contacts" with and "business" in Delaware by way of a personal relationship between Buschmeier and Defendant Smith, claiming that Buschmeier has attended "family events" in such a capacity.[28] However in order "[f]or [§ 3104(c)(3)] to operate, a defendant or his agent must be present at the time of the tortious conduct for the act to be considered committed in Delaware."[29]

Similarly, in *Rotblut v. Tarrapinn, Inc.*, upon consideration of a motion to dismiss for lack of personal jurisdiction in a defamation action, the Superior Court found that the defendant's "knowledge that its website may be viewed in Delaware or accessed by Delaware residents [was] not sufficient to establish jurisdiction under Section 3104(c)(3)."[30] The Court found "[t]here [was] no evidence in the record that [the defendant] targeted the contents of its website toward Delaware in a way to purposefully avail itself of doing business with Delaware specifically, rather than

---

[24] Pl.'s Mot., Exhibit F at ¶ 7.
[25] *Id.*, Exhibit F at ¶ 8.
[26] *Id.*, Exhibit F at ¶ 9.
[27] *Sokol Holdings, Inc. v. Dorsey & Whitney, LLP*, No. CIV.A. 09C-08-239JAP, 2010 WL 599330, at *4 (Del. Super. Ct. Feb. 19, 2010).
[28] Pl.'s Mot. at ¶ 3.
[29] *Kabbaj v. Simpson*, No. CIV.A. 12-1322-RGA/M, 2013 WL 2456108, at *7 (D. Del. June 6, 2013), *report and recommendation adopted*, No. CV 12-1322-RGA-MPT, 2013 WL 12147600 (D. Del. Aug. 28, 2013), *aff'd*, 547 F. App'x 84 (3d Cir. 2013).
[30] *Rotblut v. Terrapinn, Inc.*, No. CV N15C-12-024 AML, 2016 WL 5539884, at *6 (Del. Super. Ct. Sept. 30, 2016).

North America generally."[31] Accordingly, the Court held that the plaintiffs failed to offer sufficient evidence that the defendant "committed an act or omission in Delaware," and found that it lacked personal jurisdiction over defendants under Section 3104(c)(3).[32]

The same applies here. Plaintiff fails to allege that any conduct related to the creation or deletion of the Facebook Pages and online content relevant to this case, were posted or affected by Buschmeier in Delaware, or in such a way that Buschmeier purposefully availed himself of doing business with Delaware specifically. Therefore, there is insufficient evidence that he committed an act or omission in Delaware to exercise personal jurisdiction over him.

As to Thiemer, Plaintiff alleges he "is an employee of FedEx Freight intimately involved with the Teamsters' campaign . . . and [acted] in his individual capacity . . . as the Teamsters' "shop steward" . . . in New Jersey."[33] Plaintiff alleges that Thiemer was "the administrator of the now deleted Facebook Page" relevant to this case.[34] Plaintiff pleads that Thiemer is "a resident of the State of New Jersey" and that he "monitored and remained[sic] informed of all aspects of the instance litigation, and who committed certain acts . . . directed at Plaintiff in Delaware and . . . obstruct[ed] litigation in Delaware."[35] As to both Proposed Defendants, Plaintiff again argues "conspiracy theory jurisdiction."[36] This Court has addressed and rejected these arguments in prior rulings.[37] The Court incorporates those opinions here to reiterate that such jurisdiction does not apply to Buschmeier or Thiemer.

---

[31] *Rotblut*, 2016 WL 5539884, at *6.

[32] *Id.* (citing *Ciabattoni v. Teamsters Local 326*, 2016 WL 4442277 (Del. Super. Aug. 22, 2016) (dismissing claims based on allegedly defamatory content posted on a Facebook page for lack of personal jurisdiction); *Hidria v. Delo*, 783 S.E.2d 839, 844 (S.C. 2016) (affirming the circuit court's dismissal of the online newspaper's publisher: "[T]he mere accessibility of the articles via unilateral use of the Internet by someone located in South Carolina does not satisfy the traditional minimum contacts analysis under the facts of this case.")).

[33] Pl.'s Mot., Exhibit F at ¶ 5.

[34] *Id.*, Exhibit F at ¶ 5.

[35] *Id.*, Exhibit F at ¶ 6.

[36] *Id.*, Exhibit F at ¶ 11.

[37] *See Ciabattoni v. Teamsters Local 326*, 2017 WL 3175617, at *3 (Del. Super. Ct. July 25, 2017) (denying Plaintiff's motion for leave to join defendants and file a third amended complaint); *see also Ciabattoni v. Teamsters Local 326*, 2017 WL 1175665 (Del. Super. Ct. Mar. 28, 2017); *see also Ciabattoni v. Teamsters Local 326*, 2016 WL 4442277 (Del. Super. Ct. Aug. 22, 2016).

The Court finds that there has been no showing that Proposed Defendants would remain in the action after the Court's consideration of inevitable motions to dismiss for lack of personal jurisdiction. As such, the proposed amendment is futile.[38]

For the foregoing reasons, Plaintiff's Motion for an Order Permitting Plaintiff to Amend His Complaint and Add Christopher Buschmeier and Michael Thiemer as Defendants is **GRANTED, in part** as to the request to correct language, and **DENIED, in part** as to the request to add Defendants.

**IT SO ORDERED.**

Vivian L. Medinilla
Judge

---

[38] *See Sokol Holdings, Inc. v. Dorsey & Whitney, LLP*, No. CIV.A. 09C-08-239JAP, 2010 WL 599330, at *2 (Del. Super. Ct. Feb. 19, 2010) (denying the plaintiffs' motion to amend where the proposed amended was futile where the Court lacked personal jurisdiction over the proposed defendant).